363 S.W.3d 589 (2012)
Billie Dean WASHINGTON, Appellant,
v.
The STATE of Texas.
No. PD-0685-11.
Court of Criminal Appeals of Texas.
April 4, 2012.
Melissa Martin, Asst. Public Defender, Houston, for appellant.
Alan Curry, Asst. D.A., Houston, Lisa McMinn, State's Attorney, Austin, for State.

OPINION
PER CURIAM.
Billie Dean Washington pleaded guilty to sexual assault of a child. Pursuant to a plea bargain, he was placed on deferred adjudication for ten years. The State moved to adjudicate guilt, and Washington pleaded true to the allegations. Without an agreed recommendation for punishment and before sentencing, Washington waived his right to appeal in a written stipulation of evidence. The trial judge found Washington guilty and sentenced him to twenty years' confinement and a fine of $10,000.
The First Court of Appeals dismissed Washington's pro se appeal for want of jurisdiction, noting that Washington's waiver supported the trial judge's certification that Washington waived his right to appeal.[1] But when a defendant waives his *590 right to appeal before sentencing and without an agreement on punishment, the waiver is not valid.[2] And contrary to the State's assertion, the record does not confirm that the State gave any consideration for Washington's waiver.[3] So, on this record, Washington's waiver was not valid.[4] We reverse the judgment of the court of appeals and remand this case to the court of appeals for proceedings consistent with this opinion.
KELLER, P.J., filed a concurring opinion.
ALCALA, J., did not participate.
KELLER, P.J., concurring.
The State sought to revoke appellant's deferred-adjudication probation on a sexual assault offense because appellant had committed the new offense of failure to register as a sex offender. The new failure-to-register case and the adjudication in the sexual assault case were tried at the same hearing. In the new case, the parties reached a plea agreement in which appellant would plead guilty in exchange for a two-year sentence. Because appellant's failure-to-register offense was a state-jail felony,[1] two years was the maximum sentence of imprisonment. He could have been fined up to $10,000, but he received no fine.[2] Had the record shown that both cases were part of a single plea agreement, appellant's waiver of his right to appeal on the adjudication case would have been valid.
But the record appears to show the contrary. The trial judge said, "On the new case based on your plea of guilty and on the papers that you filed, I will find you guilty, I will follow the plea bargain. When I do that, you give up your right to appeal without my permission on that case."[3] The trial judge asked appellant if he understood that, appellant said yes, and then the trial judge asked what appellant had to say. Appellant gave an explanation for his conduct and answered a question about his health from his attorney. Then the trial judge said:
Mr. Washington, my only regret in this situation is that I did not give you life in prison. I'm going to sentence you to 20 years confinement. I'm going to find you guilty. I hope you die in prison. You raped your granddaughter for years and you're a monster, so I'm glad you're in prison. I hope you never get out.
So, the record seems to show that the parties had an agreement in the new case and that appellant was throwing himself on the mercy of the court in the adjudication case. At the least, the record is not clear that appellant obtained any consideration for his plea of true in the adjudication case. Although Delaney involved a waiver of appeal at the original guilty plea, before adjudication was deferred, rather than at the adjudication hearing,[4] the rationale for *591 holding the waiver to be involuntary in Delaney was "the concern that unanticipated errors may occur at the punishment phase of trial."[5] The same concern exists here. I therefore agree with the Court that the rationale in Delaney applies in this case and that appellant's waiver was invalid.
I join the Court's opinion.
NOTES
[1] Washington v. State, No. 01-11-00093-CR, 2011 WL 1234733, at *1, 2011 Tex.App. LEXIS 2449, at *1 (Tex.App.-Houston [1st Dist.] Mar. 31, 2011, pet. granted) (mem. op., not designated for publication) (citing TEX.R.APP. P. 25.2(d)).
[2] Ex parte Delaney, 207 S.W.3d 794, 799 (Tex. Crim.App.2006).
[3] Cf. Ex parte Broadway, 301 S.W.3d 694, 697-98 & n. 7 (Tex.Crim.App.2009) (distinguishing Delaney because the record supported that the State gave consideration for applicant's waiver of appeal).
[4] See Ex parte Delaney, 207 S.W.3d at 799; see also Dears v. State, 154 S.W.3d 610, 614-15 (Tex.Crim.App.2005) (requiring courts of appeals to review the record, if it has been filed, to determine whether the certification is defective).
[1] See TEX.CODE CRIM. PROC. arts. 62.101(b), 62.102(b)(1) (West 2010).
[2] TEX. PENAL CODE § 12.35(a) (West 2010).
[3] Emphasis mine.
[4] Ex parte Delaney, 207 S.W.3d 794, 795 (Tex. Crim.App.2006).
[5] Id. at 799.