**Dismissed and Memorandum Opinion filed May 2, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00285-CR

---

**JAMIE FINCH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 52nd District Court**
**Coryell County, Texas**
**Trial Court Cause No. FO-10-20420**

---

## M E M O R A N D U M   O P I N I O N

On November 22, 2010, pursuant to a plea bargain agreement, appellant entered a guilty plea to the offense of hindering apprehension and the trial court placed her on deferred adjudication community supervision for five years. Subsequently, the State moved to adjudicate guilt, alleging appellant had violated certain conditions of her community supervision. On February 11, 2013, also pursuant to an agreement, appellant entered a plea of true to the allegations in the

State's motion and waived her right to appeal. The trial court adjudicated appellant guilty of the offense and, in accordance with the agreement, sentenced appellant to confinement for fifteen (15) months in the State Jail Division of the Texas Department of Criminal Justice and assessed a $734 fine. Appellant filed a pro se notice of appeal. We dismiss the appeal.

Negotiated waivers of the right to appeal are valid. *See Monreal v. State*, 99 S.W.3d 615 (Tex. Crim. App. 2003). The record reflects the State gave consideration for appellant's waiver. In exchange for a plea of true to the allegations in the motion to adjudicate guilt, appellant was convicted of the lesser included offense of attempted hindering apprehension and sentenced to fifteen months in the State Jail Division. Accordingly, the waver is valid. *See Ex parte Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009). *Cf Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012) (waiver was not valid because the record did not confirm the State gave any consideration for defendant's waiver).

The record on appeal contains the trial court's certification of the defendant's right to appeal in which the court certified the defendant has waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.


PER CURIAM

Panel consists of Justices Brown, Christopher, and McCally.
Do Not Publish ─ Tex. R. App. P. 47.2(b)