

# Fourth Court of Appeals
## San Antonio, Texas

September 5, 2014

No. 04-14-00607-CR

Kathleen G. **REYES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5404
Honorable Melisa Skinner, Judge Presiding

## O R D E R

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a judgment and written plea papers showing that the defendant entered an "open plea" of nolo contendere without an agreed recommendation for sentencing. When a defendant waives the right to appeal before sentencing and without an agreed recommendation on punishment, the waiver is not valid. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012); *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006) (when there is no recommended maximum punishment at the time the defendant waives the right to appeal, the consequences of such waiver cannot be known, and the waiver is not knowing and intelligent); *see also Ex parte Broadway*, 301 S.W.3d 694, 696 n. 3 (Tex. Crim. App. 2009) (primary advantage to entering open plea is a relatively unlimited right to appeal). Therefore, the trial court certification does <u>not</u> accurately reflect that the defendant has the right to appeal, and is thus defective. *See* TEX. R. APP. P. 25.2(a)(2); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Rule 25.2(d) of the Texas Rules of Appellate Procedure requires the record to contain the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). TEX. R. APP. P. 25.2(d). It further provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.*

Accordingly, the trial court is ORDERED to prepare and file an amended trial court certification correcting the defect and showing that the defendant has the right to appeal, and the trial court clerk is instructed to file a supplemental clerk's record containing said amended trial court certification in this Court ***within fifteen (15) days*** from the date of this order. TEX. R. APP.

P. 25.2(f), (d); 34.5(c); 37.1; *see Dears*, 154 S.W.3d at 614.  All other appellate deadlines are suspended pending resolution of the certification issue.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of September, 2014.

_____
Keith E. Hottle
Clerk of Court