PD-0518&0519-15

PD-0518-15 & PD-0519-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/5/2015 10:18:16 AM
Accepted 5/6/2015 10:52:03 AM
ABEL ACOSTA
CLERK

In the
Court of Criminal Appeals of Texas

---

Cause Nos. 14-14-00521-CR & 14-14-00522-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston

---

Cause Nos. 1377493 & 1377494
In the 209th District Court
Of Harris County, Texas

---

GARY ISHMAEL BOLIN
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

---

PETITION FOR DISCRETIONARY REVIEW

---

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800

FILED IN
COURT OF CRIMINAL APPEALS

May 6, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Appellant: Gary Ishmael Bolin

Counsel for Appellant at Trial:
>Mr. Scott Pope, Texas Bar No. 24032959
>Mr. Jules Johnson, Texas Bar No. 24041199
>Public Defender's Office
>1201 Franklin, 13th Floor
>Houston, Texas 77002
>713-368-0016

Counsel for Appellant on Appeal:
>Casey Garrett
>1214 Heights Boulevard
>Houston, Texas 77008
>Texas Bar No. 00787197
>713-228-3800

Counsel for the State at Trial:
>Allison Buese
>Assistant District Attorney
>Texas Bar No. 24061990
>1201 Franklin Street, Suite 600
>Houston, Texas 77002
>713-755-6881

Counsel for the State on Appeal:
>Harris County District Attorney's Office
>Appellate Division
>1201 Franklin, Suite 600
>Houston, Texas 77002
>(713) 755-5800

Presiding Judge at Trial:
>Judge Michael McSpadden
>209th District Court
>Harris County, Texas
>1201 Franklin
>Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................... 2

TABLE OF CONTENTS ............................................................ 3

INDEX OF AUTHORITIES ......................................................... 4

STATEMENT REGARDING ORAL ARGUMENT ................................ 5

STATEMENT OF THE CASE ..................................................... 5

STATEMENT OF PROCEDURAL HISTORY ......................................... 5

QUESTION PRESENTED FOR REVIEW .................................................. 6

REASONS FOR REVIEW ........................................................... 6

PRAYER ...................................................................... 8

CERTIFICATE OF SERVICE ....................................................... 9

APPENDIX .................................................................... 10

*Gary Ishmael Bolin vs. The State of Texas* ............................................... A1

# INDEX OF AUTHORITIES

**Cases**

***Espinosa v. State***, 194 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ................................................................................. 8

***Miller-El v. State***, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990) ................. 8

***Lane v. State***, 822 S.W.2d 35, 41 (Tex. Crim. App. 1991) ........................... 7

***Washington v. State***, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) ....... 7

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Bolin does not request oral argument.

## STATEMENT OF THE CASE

Mr. Bolin was charged by indictment in two separate cases with the felony offenses of aggravated assault, one involving serious bodily injury and one involving imminent fear of bodily injury or death. Both indictments included a charge on using a exhibiting a deadly weapon, namely, a firearm (C.R. 15). Mr. Bolin pled guilty without an agreed recommendation (C.R. 129). Following a hearing in front of the judge, the court assessed punishment at twenty years confinement in the institutional division of the Texas Department of Criminal Justice (C.R.137).

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals filed a memorandum opinion affirming the conviction on March 19, 2015. No motion for rehearing was filed. Pursuant to Rule 68.2 of the Texas Rules of Appellate Procedure, this Petition for Discretionary Review should be filed thirty days after the day the court of appeals filed its opinion. An extension of time has been filed with this petition.

<u>QUESTION PRESENTED FOR REVIEW</u>

If the trial court improperly admits evidence of victim imact at a hearing before the court has entered a finding of guilt, should the court of appeals remand for a new trial?

<u>REASONS FOR REVIEW</u>

The decision of the court of appeals conflicts with applicable decisions of the Court of Criminal Appeals.

<u>APPELLANT'S QUESTION FOR REVIEW</u>

If the trial court improperly admits evidence of victim imact at a hearing before the court has entered a finding of guilt, should the court of appeals remand for a new trial?

The record includes an apparent waiver of Mr. Bolin's right to appeal. However, the court accepted Mr. Bolin's plea and waiver prior to his finding of guilt, before sentencing, and without an agreement on punishment (C.R. 131). When a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid. **Washington v. State**, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012).

Outside the context of homicide cases, victim-impact testimony is generally defined as evidence regarding the physical or psychological effects of a crime on victims themselves. *See **Lane v. State***, 822 S.W.2d 35, 41 (Tex. Crim. App. 1991). Victim-impact evidence may include physical, psychological, or economic effects

of crime on a victim or a victim's family. ***Espinosa v. State***, 194 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Although it may be admissible curing the punishment stage, such evidence is generally inadmissible during the guilt phase because it does not have the tendency to make more or less probable the existence of any fact of consequence with respect to guilt. *See **Miller-El v. State***, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990).

Both Pamela Ward and Marshall Ward, the wife and son of the complainant in this case, testified at length prior to a finding of guilt about the impact of Mr. Bolin's actions on them and their families. (R.R.2 – 50-95). Marshall Ward was not even present on the day of the event (R.R.2 – 92), yet the prosecutor asked him specifically how the events affected him. Even the judge considered the testimony inadmissible, remarking, "we are talking about reversible error and I think the last thing in the world your family wants is to do this thing all over again (R.R.2 – 92-93). The prosecutor disregarded the court's comments, asking the next witness, Kyle Ward, "how has the defendant's actions affected you?" (R.R.2 – 97). The witness responded, "they have affected me emotionally and physically. I was very angry, but I knew I couldn't let my anger get the better of me." (R.R.2 – 97).

Despite the fact that the judge knew the victim-impact evidence was inadmissible and should not have been considered, he was clearly affected by this testimony. During sentencing, after making a finding of guilt, he told the prosecutor not to bother discussing deferred adjudication probation and later, during sentencing, remarked "we are lucky Mr. Ward is with us today."

The court of appeals affirmed Mr. Bolin's conviction because Mr. Bolin did not have a bifurcated trial. This statement ignores Mr. Bolin's rights to a finding of a guilt separate from a punishment decision under the Penal Code and the Code of Criminal Procedure.

PRAYER

Appellant respectfully prays this Honorable Court to grant his petition for discretionary review.

Respectfully submitted,


/s/ Casey Garrett

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent

through the e-file system to the following party:

Harris County District Attorney's Office
Appellate Division
1201 Franklin, Suite 600
Houston, Texas  77002


/s/ Casey Garrett

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800

# APPENDIX

*Gary Ishmael Bolin vs. The State of Texas* .............................................. A1

**Affirmed and Memorandum Opinion filed March 19, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00521-CR
NO. 14-14-00522-CR

**GARY ISHMAEL BOLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1377493 & 1377494**

## M E M O R A N D U M   O P I N I O N

Appellant Gary Ishmael Bolin appeals his convictions for aggravated assault–bodily injury and aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.01(a)(1), (2) (West 2011). In a single issue appellant argues the trial court abused its discretion by allowing the State to produce victim-impact evidence at a hearing before the court entered a finding of guilt. Finding appellant did not preserve error, and was not harmed by the introduction of victim-impact

**A1**

evidence, we affirm.

## BACKGROUND

After being admonished by the trial court, appellant pleaded guilty to aggravated assault with a deadly weapon and aggravated assault–bodily injury. Prior to hearing testimony, the trial court found, based on appellant's plea, sufficient evidence to find him guilty, but deferred a finding of guilt to permit appellant to stay out on bond until preparation of the presentence investigation report (PSI).[1]

Appellant was the landlord for a business called RigMinder, a software and hardware monitoring company that monitors operations of drilling rigs. The complainant, Greg Ward, was the owner of RigMinder. The complainant testified that he had a lease-purchase agreement with appellant, which permitted him to purchase the property after a certain period of time. The complainant attempted to exercise his right to purchase, but appellant was not willing to sell the property. Appellant notified the complainant that his business would be evicted after the complainant exercised his option to purchase. In response to the eviction notice, the complainant filed a civil suit. On February 14, 2013, appellant walked into the complainant's office and shot him in the face. At the hearing the complainant described the lengthy procedures he endured to rebuild his face and to recover from the gunshot wound.

The complainant's wife described the impact of appellant's actions on her family. She testified that when the complainant first left the hospital they were afraid to leave the house for fear that appellant would try to hurt the complainant

---

[1] The record reflects that appellant also agreed to waive any right to appeal. Appellant's waiver of the right to appeal is not effective because there was no agreed recommendation as to punishment. *See Washington v. State*, 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012).

2

again or hurt one of his children. At a certain point appellant was placed on an ankle monitor while out on bond, which made the complainant's family feel safe in leaving their house. When the ankle monitor was removed the complainant's son moved from Austin to live with the complainant and his wife.

Marshal Ward, the complainant's son, testified that after appellant shot his father he "gave up a pretty hopeful and successful career in real estate in Austin, Texas" to move closer to his family after appellant's ankle monitor was removed. He testified that his entire family is fearful for their lives. After Marshal's testimony, the following conversation between the court and the attorneys occurred at the bench:

> THE COURT: I have to make a decision and it's for the record that I'm disregarding Marshal's testimony concerning how it affected him.
>
> MS. BUESE [the prosecutor]: In that case, Judge, I will send them a quick email and I will have them work on it when we have Kyle who was actually present.
>
> THE COURT: Don't ask him that. I don't want to go through two witnesses saying I'm going to disregard their testimony because of the question ask[ed].
>
> MS. BUESE: This witness was present at the office when —
>
> THE COURT: That's fine. You can go into that, but I'm talking about specifically how it has affected him.
>
> MS. BUESE: Okay.
>
> THE COURT: We are talking about reversible error and I think the last thing in the world your family wants is to do this thing all over again. We will take another short break.

After the break, Kyle Ward, the complainant's other son, testified that he was living near his father's office on the day the complainant was shot. He witnessed the aftermath of the shooting and was the first person to inform the complainant's wife of the shooting. Despite the court's earlier warning, the

prosecutor asked Kyle how appellant's actions affected him. Kyle answered that he was affected emotionally and physically, and was very angry.

Appellant did not object to any of the witnesses' testimony as to how appellant's actions affected them.

The first hearing was continued until after preparation of the PSI. At the continuation of the hearing, the trial court took judicial notice of the PSI and the pretrial file. The PSI contained written statements of the witnesses who had testified in the previous hearing. At the conclusion of the second hearing the trial court found appellant guilty and sentenced him to confinement for 20 years in the aggravated assault with a deadly weapon charge, and five years for the aggravated assault charge with the sentences to run concurrently.

### ADMISSION OF VICTIM-IMPACT TESTIMONY

In a single issue appellant argues the trial court abused its discretion by allowing the State to produce victim-impact evidence at a hearing before the court entered a finding of guilt.

We review the trial court's ruling as to the admissibility of evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Victim-impact evidence "may be admissible at the punishment phase when that evidence has some bearing on the defendant's personal responsibility or moral culpability." *Espinosa v. State*, 194 S.W.3d 703, 711 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see also Ford v. State*, 919 S.W.2d 107, 115–16 (Tex. Crim. App. 1996) (allowing victim-impact evidence in capital murder case when jury was required to answer special issue asking about defendant's "personal moral culpability" and, thus, defendant's moral blameworthiness and culpability were relevant issues at punishment). Victim-

impact testimony is irrelevant at the guilt-innocence phase of a trial because it does not tend to make more or less probable the existence of any fact of consequence with respect to guilt or innocence. *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990); *Love v. State*, 199 S.W.3d 447, 456–57 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Appellant failed to preserve error with regard to the State's production of victim-impact evidence. Even if appellant preserved error, the record does not reflect that appellant was harmed by the admission of victim-impact evidence.

To preserve a complaint regarding the erroneous admission of victim-impact evidence for appellate review, the defendant must object on the ground that the evidence constitutes impermissible victim-impact evidence. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); Tex. R. App. P. 33.1.

In this case, appellant failed to preserve error by failing to object to the prosecutor's questions. The prosecutor asked Marshal Ward to tell the court how appellant's actions impacted him. Marshal responded with a description of the emotional and financial effects of appellant's actions. Appellant did not object to the prosecutor's question or Marshal's answer.

The trial court, sua sponte, requested a discussion at the bench with the prosecutor and defense counsel. The court specifically stated it would disregard Marshal's testimony "concerning how it affected him." The court admonished the prosecutor not to ask the witnesses how appellant's actions affected them, and stated it would disregard their testimony because of the question that was asked. Despite the court's admonition, the prosecutor also asked Kyle Ward how appellant's actions affected him. Appellant again did not object.

Even if appellant had properly preserved his complaint that the testimony

5

was inadmissible victim-impact evidence, appellant was not harmed because (1) the trial court expressly stated that it would disregard the victim-impact evidence; and (2) the plea hearing and subsequent sentencing were not a bifurcated trial.

The erroneous admission of evidence is nonconstitutional error; therefore, we analyze it to determine whether the error affected a substantial right of the defendant. Tex. R. App. P. 44.2(b); *see also Gray v. State*, 159 S.W.3d 95, 97–98 (Tex. Crim. App. 2005). A substantial right is affected when the error has a "substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no or only a slight influence on the verdict, the error was harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

Victim-impact testimony is irrelevant at the guilt-innocence phase because it does not tend to make more or less probable the existence of any fact of consequence with respect to guilt or innocence. *Love*, 199 S.W.3d at 456–57. The trial court specifically stated it would disregard the improper testimony. Therefore, we cannot say that the improper admission of victim-impact evidence had an influence on the trial court's finding of guilt based on appellant's plea.

The underlying proceeding was not bifurcated into a guilt-innocence phase and punishment phase. The trial court accepted appellant's guilty plea and ordered a PSI prepared. The State introduced live testimony in advance of preparation of the PSI. When a defendant waives trial by jury and enters a plea of guilty before the court to a non-capital offense, the proceedings become a unitary trial, "that is the issues of guilt and punishment are submitted at the same time." *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001). These issues cannot be separated. *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd); *State v. Kersh*, 2 S.W.3d 636, 638 (Tex. App.—Houston [14th Dist.] 1999,

6

no pet.).

Given the nature of the unitary proceeding and the trial court's express statement that it would disregard any victim-impact evidence, we conclude that the admission of improper victim-impact evidence did not have a substantial and injurious effect or influence in determining the trial court's finding of guilt. *See* Tex. R. App. P. 44.2(b). We overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

In the
Court of Criminal Appeals of Texas

Cause Nos. 14-14-00521-CR & 14-14-00522-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston

GARY ISHMAEL BOLIN
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

CERTIFICATE OF COMPLIANCE

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800

This is the certify that the Petition for Discretionary Review filed in the above-numbered cause has 1,065 words in compliance with Rule 9 of the Texas Rules of Appellate Procedure.

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas  77008
713-228-3800