COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Abner L. Washington v. The State of Texas

Appellate case number:    01-14-00885-CR

Trial court case number:   1430059

Trial court:               248th District Court of Harris County

Appellant, Abner L. Washington, without an agreed punishment recommendation from the State, pleaded guilty to the state-jail-felony offense of possession of a controlled substance, namely, cocaine weighing less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a), (b) (West 2010). The trial court found appellant guilty and assessed punishment at confinement for sixty days. *See* TEX. PENAL CODE ANN. § 12.44(a) (West 2011).[1] The trial court executed a certification of appellant's right to appeal, stating that "the defendant has waived the right of appeal." Appellant, acting pro se, filed a notice of appeal. On September 15, 2014, the trial court appointed counsel to represent appellant on appeal.

Pursuant to his plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that states "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." However, the document also states, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at WOAR," meaning that the plea was without an agreed recommendation. The judgment states that the degree of offense is a "STATE JAIL FELONY–SEC. 12.44A"; the plea was "GUILTY"; and the "Terms of Plea Bargain" were "WITHOUT AN AGREED RECOMMENDATION." The judgment also states "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." There is no reporter's record.

---

[1]      Under section 12.44(a), a trial court may punish a defendant convicted of a state-jail-felony offense by imposing the confinement permissible for a Class A misdemeanor. TEX. PENAL CODE ANN. § 12.44(a) (West 2011); *see id.* §12.21 (providing punishment for Class A misdemeanor at confinement for term not to exceed one year and fine not to exceed $4000.00); §12.35(a) (West Supp. 2015) (providing punishment for state-jail felony at confinement for term of not more than two years or less than 180 days). Appellant's *pro se* notice of appeal states that he pleaded guilty in exchange for misdemeanor punishment.

The State has filed a motion to dismiss the appeal contending that appellant has waived the right to appeal, and the trial court's judgment and certification of right to appeal reflect that waiver. Appellant has responded that the record does not reflect an effective waiver of the right to appeal because appellant pleaded guilty without an agreed punishment recommendation and the record does not reflect that the State gave other consideration in exchange for a waiver of the right to appeal. *See Washington v. State*, 363 S.W.3d 589 (Tex. Crim. App. 2012) (citing *Ex parte Delaney*, 207 S.W.3d 794, 797 (Tex. Crim. App. 2006)) ("[W]hen a defendant waives his right to appeal before sentencing and without an agreement on punishment, the waiver is not valid."); *but see Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding defendant may knowingly and voluntarily waive appeal without sentencing agreement when State gives consideration for waiver); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (providing waiver of appeal made after sentence is imposed is valid).

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* Tex. R. App. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification. *See* Tex. R. App. P. 25.2(f), 34.5(c)(2), 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Sarah V. Wood, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2] We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal;
3) Make any other findings and recommendations the trial court deems appropriate; and.
4) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing any amended certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* Tex. R. App. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing within 30

---

[2]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Russell Lloyd
☑ Acting individually ☐ Acting for the Court


Date: January 14, 2016