**Motion Denied and Order filed July 28, 2016**



In The

# Fourteenth Court of Appeals

_____

NO.  14-16-00176-CR
NO.  14-16-00177-CR
NO.  14-16-00178-CR
_____

**JASSSAN  RASHAAD HUGHES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1413584, 1392119, and 1413583**

## ORDER

On December 18, 2015, appellant entered a plea of guilty in each of these three case without an agreed recommendation as to sentencing. Following a presentence investigation hearing, the trial court sentenced appellant on February 19, 2016. Appellant filed a motion to abate these appeals because each of the clerk's records contains two certifications of appellant's right to appeal: one signed December 18, 2015, that states he waived the right to appeal; and one signed

February 19, 2016, that states he has the right to appeal.

Although negotiated waivers of the right to appeal are valid, non-negotiated waivers of the right to appeal are valid only if the defendant waived the right of appeal, knowing with certainty the punishment that would be assessed. *See Washington v. State*, 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012); *Monreal v. State*, 99 S.W.3d 615 (Tex. Crim. App. 2003). The record in this case does not appear to reflect that appellant waived his right to appeal knowing with certainty the punishment that would be assessed. *See Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000). Therefore, the trial court's February 19, 2016, certifications correctly indicate appellant has the right to appeal.

Accordingly, the motion to abate is **DENIED**. Appellant's brief is due by **August 18, 2016**.