

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00275-CR
### No. 10-16-00276-CR

**RUEBEN EARLE WALKER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 54th District Court
## McLennan County, Texas
## Trial Court Nos. 2015-1661-C2 & 2015-1744-C2

## ORDER ON REHEARING

We dismissed these appeals on September 21, 2016. Appellant filed a motion for rehearing in each appeal, and we issued an order requesting a response from the State regarding appellant's motions for rehearing.

The State reviewed appellant's motions and also met with counsel for appellant to discuss the issue. The State determined that a review of the Clerk's Record indicates that appellant signed a waiver of appeal on June 14, 2016 when entering an open plea of guilty

to the court for the charged offenses. Sentencing was reset until July 26, 2016 in order to conduct a presentence investigation. Appellant was sentenced by the trial court on July 26, 2016 without the benefit of a plea bargain regarding the sentence from the State as reflected in the judgments of conviction.

Based on *Washington v. State*, a waiver of appeal that is executed prior to sentencing without an agreement on punishment is invalid. *Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012). The State asserts there is no indication in the Clerk's Record that appellant's waiver of appeal signed on June 14 was based on any consideration given by the State, *i.e.* waiving right to jury in exchange for waiver of appeal. Therefore, at this time, the State believes that appellant's waiver signed on June 14 is invalid based on the documents contained in the Clerk's Record.

Accordingly, we grant appellant's Motion for Rehearing in each appeal without prejudice to the State's ability to argue for a dismissal at a later date if the reporter's record indicates that appellant reaffirmed his waiver of appeal after being sentenced by the court, which may then make the adoption of the earlier waiver valid and binding on appellant. These appeals are reinstated and the appellate timetable is restarted. The reporter's record is due 30 days from the date of this order.

The Court's opinions and judgments dated September 21, 2016 are withdrawn.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motions granted
Appeals reinstated
Order issued and filed November 2, 2016

