

# Fourth Court of Appeals
## San Antonio, Texas

December 27, 2017

No. 04-17-00597-CR

Donald Lee **HALL,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B16-253
Honorable M. Rex Emerson, Judge Presiding

## O R D E R

The trial court's certification in this appeal states that "the defendant has waived the right to appeal guilt/innocence." The clerk's record contains a judgment and written plea papers showing that the defendant entered an "open plea" of guilty without an agreed recommendation for sentencing. When a defendant waives the right to appeal before sentencing and without an agreed recommendation on punishment, the waiver is not valid. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012); *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006) (when there is no recommended maximum punishment at the time the defendant waives the right to appeal, the consequences of such waiver cannot be known, and the waiver is not knowing and intelligent); *see also Ex parte Broadway*, 301 S.W.3d 694, 696 n. 3 (Tex. Crim. App. 2009) (primary advantage to entering open plea is a relatively unlimited right to appeal). Therefore, the trial court certification does <u>not</u> accurately reflect that the defendant has the right to appeal, and is thus defective. *See* TEX. R. APP. P. 25.2(a)(2); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Rule 25.2(d) of the Texas Rules of Appellate Procedure requires the record to contain the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). TEX. R. APP. P. 25.2(d). It further provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.*

Accordingly, the trial court is ORDERED to prepare and file an amended trial court certification correcting the defect and showing that the defendant has the right to appeal, and the trial court clerk is instructed file a supplemental clerk's record containing said amended trial court certification in this Court ***within fifteen (15) days*** from the date of this order. TEX. R. APP.

P. 25.2(f), (d); 34.5(c); 37.1; *see Dears*, 154 S.W.3d at 614.  All other appellate deadlines are suspended pending resolution of the certification issue.

_____
Rebeca C. Martinez, Justice

   IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of December, 2017.



_____
KEITH E. HOTTLE,
Clerk of Court