COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Clint Constance Valdez v. The State of Texas

Appellate case number:   01-18-00322-CR

Trial court case number: 15CR2815

Trial court:             10th District Court of Galveston County

Appellant was charged with the second-degree felony offense of Engaging in Prohibited Sexual Conduct with Ancestor/Descendant. Appellant filed a pre-trial motion to quash the indictment, challenging Section 25.02 of the Texas Penal Code as unconstitutional. After the trial court denied the motion to quash, appellant pleaded guilty to the offense without an agreed recommendation from the State regarding punishment. The trial court found appellant guilty and assessed punishment at eight years' imprisonment. The trial court's certification of appellant's right to appeal states that "the defendant has waived the right to appeal as to guilt/innocence only." Appellant timely filed a notice of appeal. Appellant's appointed counsel has moved to withdraw from this appeal and filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967)

As provided below, we abate the appeal and remand to the trial court to (1) appoint new appellate counsel to represent appellant and (2) hold a subsequent hearing to determine whether an amended certification of appellant's right to appeal should be issued.

## I. Appointment of New Counsel on Appeal

Under *Anders*, if appointed counsel concludes after reviewing the record and applicable law that the appeal is without merit, counsel must advise the court, file a motion to withdraw, and file a brief discussing any issue that might arguably support the appeal. *See id.* at 744; *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). The appellate court must then perform an independent examination of the record and the law to determine whether the appeal is frivolous. *See Anders*, 386 U.S. at 744. The question before us is not who will ultimately prevail but instead whether any non-frivolous issue exists. If the court determines that there are arguable issues, it must abate the appeal and remand with orders for the trial court to appoint new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Based on our independent review of the record and applicable law, we conclude that a nonfrivolous issue may exist regarding appellant's pre-trial motion challenging the constitutionality of Penal Code Section 25.02. Accordingly, we strike counsel's *Anders* brief and

grant counsel's motion to withdraw. We abate this appeal and remand the cause for the trial court to appoint new appellate counsel. The trial court is ordered to inform this Court in writing of the identity of new counsel and the date of appointment **within 20 days of the date of this order**.

## II. Certification of Appellant's Right to Appeal

A defendant may waive his right to appeal as a part of a plea even when sentencing is not agreed upon, where consideration is given by the State for that waiver. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). In this case, however, the record is insufficient to support the trial court's certification that appellant waived his right to appeal as to guilt/innocence because the record does not indicate a bargained-for waiver of appellant's right to appeal. *See id*. at 697–99; *Washington v. State*, 363 S.W.3d 589, 589 (Tex. Crim. App. 2012). The Texas Rules of Appellate Procedure permit amendment of a defective certification. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the trial court shall conduct a hearing within **30 days after the trial court appoints new counsel** at which a representative of the Galveston County District Attorney's Office and appellant's new counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Make findings regarding whether appellant waived his right to appeal as to guilt/innocence and whether consideration was given by the State for appellant's waiving his right to appeal guilt/innocence;

2) If no consideration was given by the State for appellant's waiving his right to appeal as to guilt/innocence, execute an amended certification of appellant's right to appeal indicating that this is not a plea-bargain case and appellant has the right to appeal; and

3) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court within **20 days** of the date of the hearing. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing within **20 days** of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature: _____/s/ Sarah Beth Landau_____
                                 Acting individually

Date: ___May 16, 2019_____