**COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Rolando L. Olivia Rodriguez v. The State of Texas

Appellate case number:      01-20-00050-CR

Trial court case number:    1562399

Trial court:                182nd District Court of Harris County

Appellant, Rolando L. Olivia Rodriguez, was charged with the third-degree felony offense of assault - continuing family violence. Pursuant to a plea bargain agreement, appellant pleaded guilty to the charged offense and was placed on 4 years' deferred adjudication. The State subsequently moved to adjudicate guilt, alleging that appellant committed two new felony offenses (one on July 5, 2018 and the other on November 25, 2018) as well as various technical violations of his community supervision conditions. Appellant pleaded true, without an agreed punishment recommendation, to the allegations asserted in a version of the motion to adjudicate in which the State abandoned its allegations that appellant failed to report and committed a new offense on November 25, 2018. The court entered a judgment adjudicating appellant guilty of the third-degree felony offense of assault - continuing family violence and sentenced appellant to 9 years' confinement. The judgment provides that appellant waived his right to appeal and no permission to appeal has been granted. The trial court's certification of defendant's right to appeal, states that the case "is a plea-bargain case, and the defendant has NO right of appeal." Appellant filed a timely notice of appeal.

**Review of Trial Court's Certification**

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In this case, the trial court's certification that this is a plea bargain case and appellant lacks a right to appeal is defective because, although appellant pleaded guilty and was placed on deferred adjudication pursuant to a plea agreement, the record does not indicate any subsequent plea agreement regarding the revocation and sentencing. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) ("Based on our holding here, the trial judge's designation of the case

as a plea bargain was incorrect because the plea bargain related to the exchange of a guilty plea for deferred adjudication, and not to the subsequent adjudication hearing. There was no second plea bargain with regard to punishment, and even if there had been, Rule 25.2(a)(2) would not apply to restrict appeal because of our holding in Dears."); *see also Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) ("In the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire into the existence of a plea agreement or admonish the defendant pursuant to [Article] 26.13, and has not provided for withdrawal of a plea after sentencing.").

Further, the record does not appear to support a waiver of appellant's right to appeal, as stated in the judgment. The plea agreement in the record does not indicate a bargained-for waiver of appellant's right to appeal. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Washington v. State*, 363 S.W.3d 589, 589 (Tex. Crim. App. 2012). Although the plea agreement provides that appellant agreed to waive his right to appeal if there was an agreement as to punishment and the punishment assessed by the court did not exceed that agreed punishment, the agreement states that appellant did not agree to the State's punishment recommendation. Thus, because there was no agreement as to punishment, appellant did not agree to waive his right to appeal.

## Abatement

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall within **30 days of this order** conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and

2) Make any other findings and recommendations the trial court deems appropriate.

*See* Tex. R. App. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court within **30 days of the date of the hearing**. *See* Tex. R. App. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing within **30 days of the date of the hearing**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The Court will issue an order reinstating the appeal on the active docket after the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: _____/s/ Sarah B. Landau_____

                              Acting individually

Date: ____September 17, 2020_____