

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00737-CR

Manuel De La Cruz **LEYVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 14069CR
Honorable Penny Anne Roberts, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: June 24, 2026

MOTION GRANTED IN PART

Prior to this appeal, Appellant, Manuel De La Cruz Leyva, filed a motion to dismiss the information in the case charging him with criminal trespass in the trial court. The court denied the motion, and Appellant entered into a plea agreement in absentia. Appellant then filed a notice of appeal. The trial court's signed certification of the right to appeal ("CORTA") states the underlying case "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal."

Before us is Appellant's "Motion to Order the Trial Court to Correct Trial Court Certificate." By this order and memorandum opinion, we consider whether the record supports finding Appellant knowingly and intelligently waived the right to appeal his pre-trial motion to dismiss. After reviewing the parties' filings and the record before us, we grant the motion in part, and we order the trial court to prepare and sign a Certification of Defendant's Right of Appeal consistent with the record submitted with this case. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4(b); *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

## BACKGROUND

In September 2025, Appellant filed a motion to dismiss alleging his prosecution was discriminatory and violated the Equal Protection Clauses of the United States and Texas Constitutions. The trial court denied the motion and Appellant subsequently entered into a plea agreement in absentia. Appellant granted his attorney permission to sign the appropriate documents and enter a plea of no contest on his behalf.

The clerk's record contains a document entitled "Plea Agreement" which shows that Appellant agreed to plead no contest to the charged offense. The document appears to be a standard plea agreement with boilerplate waivers and acknowledgements. His initials appear for all sections save two: paragraph X. "Waiver of Rights" and paragraph XI. "Waiver of Counsel." Instead of placing Appellant's initials before those paragraphs, Appellant's attorney entered "N/A." Those paragraphs state:

> X. WAIVER OF RIGHTS: In accordance with Article 1.14 C.C.P., I hereby waive and give up all rights given to me by law, whether in form, substance or procedure: including the right . . . to pursue hearings and appeals of motions, pleadings, and objections made before trial[.]

> XI. WAIVER OF COUNSEL: I have been advised on this day by the Court of my right to representation by counsel in the trial of the charge pending against me. I have further been advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed

for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel.

Aside from paragraph X, only one other paragraph addresses Appellant's right to appeal. Paragraph II states: "Punishment Recommendation: . . . If the Court ACCEPTS or does not exceed the agreement I made with the State, the Court must give me permission before I can prosecute an appeal on any matter except those raised by written motion filed before trial." Appellant, through his attorney, initialed Paragraph II. The document was signed by Appellant's attorney, the prosecuting attorney, and the presiding judge. During the plea hearing, the trial court accepted the plea bargain agreement, assessed punishment at the recommended sentence, and found "[b]ased on the evidence provided in all of those written documents . . . Defendant did waive his right to appeal on any issue that might have been raised as a result of the arrest in this offense." Neither party objected nor excepted to the court's finding.

On October 21, 2025, the trial court signed a "Judgment of Conviction by Court—Waiver of Jury Trial," reflecting that Appellant pleaded no contest to the charged offense. On the same date, the trial court signed a certification of the right to appeal stating the underlying case "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." Appellant filed a Notice of Appeal on November 4, 2025, and the State subsequently filed a motion to dismiss the appeal. Based on the CORTA and the motion to dismiss, on December 22, 2025, we issued a show cause order asking Appellant how we had jurisdiction over the appeal. In response, Appellant filed a brief arguing the CORTA and the trial court were incorrect because Appellant did not waive the right to appeal.

On February 2, 2026, we abated this appeal and ordered the trial court to determine whether Appellant knowingly and intelligently waived the right to appeal and, if necessary, sign an amended certification of defendant's right to appeal. On March 23, 2026, the court signed its

findings of fact and conclusions of law, concluding that "The Certificate of Defendant's Right to Appeal is not defective and requires no corrective action[.]" Thereafter, on April 9, 2026, Appellant filed a "Motion to Order the Trial Court to Correct Trial Court Certificate," and the State filed a response asserting the CORTA is correct as written.

**APPLICABLE LAW**

A trial court must sign a certification of the defendant's right to appeal, and the appeal must be dismissed if a certification showing the defendant has the right of appeal is not part of the record. TEX. R. APP. P. 25.2(a)(2), (d). However, the provisions of Rule 25.2 should not affect an appellant's substantive rights, such as the right to appeal. *Shankle v. State*, 119 S.W.3d 808, 812 (Tex. Crim. App. 2003) (right of appeal "may not be abridged, enlarged, or modified by Rule 25.2(b)."). "[T]he validity of a written waiver of the right to appeal is one of the substantive issues not affected by Rule 25.2 certification issues." *Escochea v. State*, 139 S.W.3d 67, 71–72 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.). A court of appeals has an obligation to determine whether the trial court's certification is defective and may use Rules 37.1 and 34.5(c) to obtain another certification if the certification is not supported by the record. *Dears*, 154 S.W.3d at 613–15; TEX. R. APP. P. 44.3, 44.4. *Cf In re Bonner*, No. 05-17-00285-CV, 2017 WL 1089687, at *2 (Tex. App.—Dallas Mar. 23, 2017, orig. proceeding) (mem. op.).

Texas law provides defendants who plead guilty pursuant to plea bargain agreements the right to appeal pretrial motions ruled on before trial. *See* TEX. CODE CRIM. PROC. ANN. 44.02; TEX. R. APP. P. 25.2(a)(2). A defendant may waive this right if the waiver is made voluntarily, knowingly, and intelligently. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014); TEX. CODE CRIM. PROC. ANN. art. 1.14. We determine whether a defendant has validly waived the right of appeal pursuant to a plea agreement by looking at the written plea agreement and the formal

record to determine the terms of the agreement. *Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016) (citing *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013)). A reviewing court should apply general contract-law principles to determine the intended content of a plea agreement and will imply a term only when necessary to effectuate the intent of the parties. *Id.*; *De Leon*, 400 S.W.3d at 89.

The Court of Criminal Appeals has recognized a valid waiver of the right to appeal pre-trial motions where the defendant signed a plea agreement that explicitly set out the waiver and the defendant acknowledged the waiver in court. *See Marsh*, 444 S.W.3d at 660. The Court has also recognized a valid waiver of the right to appeal where the record reveals the defendant received consideration for the waiver.[1] The record must show that the State gave consideration in exchange for the defendant's waiver of the right to appeal. *Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018) (citing *Washington v. State*, 363 S.W.3d 589, 590, nn.2–3 (Tex. Crim. App. 2012) (per curiam)).

### ANALYSIS

On this record, there is no evidence Appellant knowingly, intelligently, and voluntarily waived the right to appeal his pre-trial motion to dismiss. The record reflects that Paragraph II, which acknowledges the defendant's right to appeal matters "raised by written motion filed before trial," is initialed by Appellant and Paragraph X, which waives the right to appeal motions made before the court, is marked as "N/A." The State received the signed plea agreement, with "N/A" in paragraphs X and XI and proceeded to sign the agreement and submit it to the court. *See CC&T*

---

[1] *See Jones*, 488 S.W.3d at 807 (Tex. Crim. App. 2016) (holding appellant waived right of appeal where State gave consideration for appellant's waiver by abandoning an enhancement paragraph which reduced the minimum statutory sentence and appellant signed a written waiver); *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (upholding defendant's pre-sentencing waiver of right to appeal because he received consideration for that waiver); *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (holding pre-trial waiver of appeal was valid when defendant promised not to appeal his conviction in exchange for recommended sentence).

*Enter., LLC v. Tex. 1031 Exch. Co.*, 673 S.W.3d 631, 641 (Tex. App.—San Antonio, 2023, no pet.) ("In construing a contract, our primary concern is to ascertain the parties' intentions, *as expressed in the contract itself.*" (emphasis added)).

While the Findings of Fact and Conclusions of Law state that "'N/A' cannot be given a certain or definite meaning," the record supports that "N/A" is used and understood to mean "not applicable." The "Judgment of Conviction By Court" signed in this case, and included in the record before us, includes the term "N/A" in four places: "Affirmative Finding on Family Violence: N/A," "This Sentence Shall Run: N/A," "Restitution Payable to: N/A," and "Notes: N/A." Further, the parties have not disputed that "N/A" in Paragraph XI indicated the Appellant did not waive the right of representation, thereby allowing Appellant's attorney to enter a plea in absentia on Appellant's behalf at the plea hearing. Accordingly, the record supports that by placing "N/A" in Paragraph X, Appellant intended to preserve the right to appeal matters "raised by written motion filed before trial." The State received the signed plea agreement, with "N/A" in paragraphs X and XI, and Appellant's initials before paragraph II, which acknowledged Appellant's right to appeal matters raised by written motion filed before trial. The State did not object, correct, or address the markings and when the State recited the plea bargain agreement to the court, there was no mention of Appellant's waiver of the right to appeal. *See De Leon*, 400 S.W.3d at 89 (concluding "in light of all the evidence in the record, a waiver of appeal was not an essential element of the defendant's plea agreement.").

## CONCLUSION

Therefore, because the record is absent of any evidence showing Appellant knowingly, voluntarily, and intelligently waived the right to appeal matters raised by written motion and filed before trial, we hold that the certification stating appellant waived the right to appeal is defective

and Appellant's motion is granted in part. In accordance therewith, we order the trial court to sign an amended certification that conforms with the record. *See* TEX. R. APP. P. 25.2(f), 37.1, 44.4(b); *Dears*, 154 S.W.3d at 615.

Lori I. Valenzuela, Justice

DO NOT PUBLISH