GARY LYNN JACKSON v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-103-CR

GARY LYNN JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Gary Lynn Jackson seeks to appeal from the trial court’s February 22, 2005 judgment adjudicating his guilt and sentencing him to seven years’ confinement.  We dismiss this appeal.

In its certification of Appellant’s right to appeal, the trial court stated that this is a plea bargain case and Appellant has no right of appeal, and that Appellant waived his right of appeal
(footnote: 1).  
See
 
Tex. R. App. P.
 25.2(a)(2) (providing that trial court shall enter a certification of a defendant’s right of appeal in every case in which it enters a judgment of guilt or other appealable order). 

The purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases. 
 Greenwell v. Court of Appeals for the Thirteenth Judicial District
,159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (orig. proceeding).  Certification allows appealable cases to move through the system unhindered while eliminating, at an early stage, the time and expense associated with non-appealable cases. 
 Id.
  When an appeal is barred by Rule 25.2(a)(2), the clerk's and court reporter's records need not be prepared, counsel need not be appointed, and briefs need not be filed.  
Id.
  On the other hand, if there is something in whatever record does exist that indicates that an appellant has the right to appeal, the court of appeals must determine whether the certification is deficient and resolve the conflict.  
Id.

The clerk’s record has been filed in the instant case.  Therefore, we have a duty to examine the certification and compare its recitations to the record to determine whether the certification is defective.  
See Dears v. State
, 154 S.W.3d 610, 613-15 (Tex. Crim. App. 2005). 

BACKGROUND

On May 22, 1995, Appellant pled guilty to burglary of a habitation pursuant to a plea bargain agreement.  The trial court found that the evidence substantiated Appellant’s guilt, deferred further proceedings without entering an adjudication of guilt, imposed a fine of $1,000, and placed Appellant on community supervision for ten years.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(a) (Vernon Supp. 2004-05). 

On July 12, 2004, the State filed a petition to proceed to adjudication.  
See
 
id.
 § 5(b).  A hearing on the State’s petition was held on February 22, 2005, at which time Appellant pled true to the allegations in the petition.
(footnote: 2) Appellant filed a pro se notice of appeal from the trial court’s February 22, 2005 judgment that adjudicated Appellant’s guilt and assessed punishment.

PLEA BARGAIN AGREEMENT

The trial court’s certification states that Appellant has no right to appeal because this is a plea bargain case.  By its express terms, Rule 25.2(a)(2) places limitations on a defendant’s right to appeal from a plea bargain agreement that was followed by the trial court.  
See
 
Tex. R. App. P.
 25.2(a)(2).  However, the rule specifies that it applies only to a plea of guilty or nolo contendere.  
Id.
  When a defendant is alleged to have violated the terms and conditions of community supervision and the State seeks to proceed to adjudication, the defendant does not enter a new plea of guilty or nolo contendere—the defendant enters a plea of true or not true.
 
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b).  Accordingly, Rule 25.2(a)(2) does not apply so as to limit a defendant’s ability to appeal from a subsequent plea of true to a revocation motion or a plea of true to a petition to proceed to adjudication.  
See
 
Dears,
 154 S.W.3d at 613. 

Although the trial court’s certification specifies that Appellant has no right of appeal because this is a plea bargain case, there was no plea bargain agreement that would preclude Appellant from appealing from the trial court’s judgment adjudicating his guilt.  Accordingly, the record fails to support the recital in the trial court’s certification that Appellant does not have a right to appeal because this is a plea bargain case.

WAIVER

A defendant may not appeal from the trial court’s determination of whether it proceeds with an adjudication of guilt on the original charge.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b).  However, “[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant’s appeal continue as if the adjudication of guilt had not been deferred.”  
Id.
 

The trial court’s certification recites that Appellant has waived his right of appeal.
(footnote: 3)  On February 22, 1995, Appellant signed a Judicial Confession pleading true to every allegation in the State’s petition to proceed to adjudication.  The document containing the court’s written admonishments states that it applies either to a petition to revoke community supervision or to a petition to proceed to adjudication.
(footnote: 4)  Some of the written admonishments pertain to revocation of community supervision, some pertain to adjudication of deferred adjudication, and some pertain to both types of proceedings. 

On the same date, Appellant also signed a document entitled “WAIVER OF RIGHTS TO APPEAL COMMUNITY SUPERVISION REVOCATION.”  The title of this document obviously pertains to waiver of Appellant’s right to appeal from the revocation of his community supervision.  Neither the title nor the text of the document specifically mentions that Appellant is waiving anything that he might be entitled to appeal from the February 22, 2005 proceeding adjudicating his guilt, assessing punishment, and sentencing him. 

However, when we review the full text of the waiver, Appellant acknowledges that he has “been convicted of the offense of Burglary of Habitation and sentenced therein” and “I know that I have the legal right of appeal from this conviction.”  It further recites that Appellant does “not desire to appeal and expressly waive[s] any appeal in this case, and I hereby accept as final the judgment of conviction and sentence herein and I request that I be allowed to commence serving the same without further delay.”

Although the waiver document is mistitled and does not expressly mention waiver of appeal from the adjudication decision or the subsequent punishment or sentencing, it does contain Appellant’s acknowledgment that he has been convicted and sentenced, which event could not have occurred until after the trial court adjudicated Appellant’s guilt, held a punishment hearing, and sentenced him.  Further, the waiver recites that Appellant accepts as final the judgment of conviction and sentence of the trial court.  The waiver document was signed by Appellant and his attorney on the day of the hearing on the State’s petition to proceed to adjudication. 

For us to find that by signing the waiver document Appellant did not waive his right to appeal from the trial court’s February 22, 2005 judgment adjudicating his guilt and sentencing him would be to elevate form over substance.  Accordingly, we conclude that the record supports the recital in the trial court’s certification that Appellant has waived his right to appeal the trial court’s February 22, 2005 judgment. 

CONCLUSION
 

Because Appellant has no right to appeal, we dismiss the appeal.  
See
 
Tex. R. App. P.
 25.2(d), 43.2(f).

DIXON W. HOLMAN

JUSTICE

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED:  June 23, 2005

FOOTNOTES
1:
The trial court’s certification, signed February 22, 2005, is in the format promulgated by the court of criminal appeals in 2003.  
See
 
Tex. R. App. P.
 25.2 [Form included in Appendix] (Vernon 2003).  However, this form is not an exclusive listing of all situations that might arise wherein a defendant has a right to appeal.  Accordingly, a trial court may modify the certification contained in the appendix to the rules of appellate procedure to accurately reflect that a defendant has the right of appeal under circumstances not addressed by the form provided in the appendix.  
Carroll v. State
, 119 S.W.3d 838, 841 (Tex. App.—San Antonio 2003, no pet.).  Indeed, this court has revised the certification form preferred by this court to add categories for the trial court to indicate that the case:  “is a deferred adjudication case, and the defendant has a limited right of appeal,” or “involves another appealable order (specify:
            
).”

On November 3, 2004, the Clerk of this court sent a cover letter and the revised certification form to all criminal trial court clerks and judges within the district of the Second Court of Appeals.  We encourage trial judges to use the revised certification form provided by this court inasmuch as it is more inclusive than the form included in the appendix to the rules of appellate procedure. 

2:
There is no indication in the record that Appellant entered into a plea bargain agreement regarding the State’s petition to proceed to adjudication.

3:
A valid waiver of appeal prevents a defendant from appealing without the trial court's consent.  
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  

4:
It is entitled “WRITTEN PLEA ADMONISHMENTS ON PETITION TO REVOKE COMMUNITY SUPERVISION OR TO PROCEED TO ADJUDICATION.”