COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-411-CR

DARRELL MITCHELL HURST APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Darrell Mitchell Hurst is attempting to appeal the trial court’s judgment adjudicating him guilty of indecency with a child and sentencing him to seven years’ confinement.  On October 12, 2007, the trial court signed a certification of Hurst’s right to appeal.  
See 
Tex. R. App. P
. 25.2(a)(2).  The certification states that “the defendant has waived the right of appeal.”  The trial court provided us a copy of Hurst’s written waiver, signed by Hurst and his attorney, which states that Hurst “now gives up his/her rights to appeal” and that Hurst waived these rights “knowingly, freely and voluntarily without duress.”  Hurst filed a pro se notice of appeal on November 6, 2007.

On November 8, 2007, we notified Hurst that the certification indicating that he had waived the right to appeal had been filed in this court and that we would dismiss this appeal unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  We have received no response.

A valid waiver of appeal will prevent a defendant from appealing without the trial court’s consent.  
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003); 
Jackson v. State
, 168 S.W.3d 239, 242 n.3 (Tex. App.—Fort Worth 2005, no pet.).  The trial court did not consent to Hurst’s appeal in this case.  Accordingly, we dismiss the appeal.  
See Chavez v. State
, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); 
Jackson
, 168 S.W.3d at 243; 
see also 
Tex. R. App. P
. 25.2(d) (providing that an appeal must be dismissed unless the trial court’s certification shows that the defendant has the right of appeal).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.