COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-411-CR

 

 

DARRELL MITCHELL HURST                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Darrell Mitchell Hurst
is attempting to appeal the trial court=s
judgment adjudicating him guilty of indecency with a child and sentencing him
to seven years= confinement.  On October 12, 2007, the trial court signed a
certification of Hurst=s right to appeal.  See Tex.
R. App. P. 25.2(a)(2).  The
certification states that Athe
defendant has waived the right of appeal.@  The trial court provided us a copy of Hurst=s
written waiver, signed by Hurst and his attorney, which states that Hurst Anow
gives up his/her rights to appeal@ and
that Hurst waived these rights Aknowingly,
freely and voluntarily without duress.@  Hurst filed a pro se notice of appeal on
November 6, 2007.

On November 8, 2007, we notified Hurst that the
certification indicating that he had waived the right to appeal had been filed
in this court and that we would dismiss this appeal unless he or any party
desiring to continue the appeal filed a response showing grounds for continuing
the appeal.  We have received no
response.

A valid waiver of appeal will prevent a defendant
from appealing without the trial court=s
consent.  Monreal v. State, 99
S.W.3d 615, 622 (Tex. Crim. App. 2003); Jackson v. State, 168 S.W.3d
239, 242 n.3 (Tex. App.CFort Worth 2005, no pet.).  The trial court did not consent to Hurst=s appeal
in this case.  Accordingly, we dismiss
the appeal.  See Chavez v. State,
183 S.W.3d 675, 680 (Tex. Crim. App. 2006); Jackson, 168 S.W.3d at 243; see
also Tex. R. App. P. 25.2(d)
(providing that an appeal must be dismissed unless the trial court=s
certification shows that the defendant has the right of appeal).

PER CURIAM

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 10,
2008











[1]See Tex. R. App. P. 47.4.