COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-009-CR

CHRISTOPHER KERRY NORTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On September 15
, 2008, we abated this appeal because the original certification of appellant’s right of appeal was defective.
(footnote: 2)  We ordered the trial court to file an amended certification of appellant’s right of appeal.  After receiving an amended notice of appeal from the trial court indicating that this case “is a plea-bargain case, and [appellant] has NO right of appeal,” we reinstated the appeal and sent appellant a letter giving him the opportunity to show grounds why the appeal should not be dismissed based upon the new certification.  
See
 Tex. R. App. P. 25.2(d), 43.2(f).  We have not received a response showing grounds for continuing the appeal.

Therefore, in accordance with the amended trial court certification, we dismiss this appeal.  
See
 
Tex. R. App. P. 25.2(d), 43.2(f)
; 
Chavez v. State
, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); 
Jackson v. State
, 168 S.W.3d 239, 243 
(Tex. App.—Fort Worth 2005, no pet.).

PER CURIAM

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2008

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
Although the trial court’s certification of appellant’s right to appeal stated that this case “is not a plea-bargained case and the defendant has the right of appeal,” the record shows that appellant pled guilty pursuant to a plea bargain.  
See
 Tex. R. App. P. 25.2(a)(2); 
Shankle v. State
, 119 S.W.3d 808, 812–14 (Tex. Crim. App. 2003);
 Carender v. State
, 155 S.W.3d 929, 930–31 (Tex. App.—Dallas 2005, no pet.) (applying 
Shankle
 to case in which State waived enhancement paragraphs, thus reducing the maximum punishment from ninety-nine years or life (enhanced first degree felony) to twenty years (second degree felony))
.