02-11-151-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

                                               NO.
02-11-00151-CR                               

 

 


 
 
 Brandon Maurice Adams
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Brandon Maurice Adams appeals the trial court’s judgment adjudicating guilt and
revoking his deferred adjudication community supervision.  Because Appellant
has waived his right to appeal, we dismiss.

Appellant
pled guilty to engaging in organized criminal activity, to-wit:  robbery, and
the trial court placed him on eight years’ deferred adjudication community
supervision, the terms of which included committing no new offenses.

          The
State later filed a petition to adjudicate, alleging, among other things, that
Appellant had, during the term of his community supervision, committed the
offense of possessing a prohibited weapon.  See Tex. Penal Code Ann. § 46.05(a)(5)
(West Supp. 2011).  At the hearing on the State’s petition, Appellant pled
“true” to this allegation and others, the trial court accepted Appellant’s plea,
adjudicated his guilt, revoked his community supervision, and sentenced him to twelve
years’ confinement.

          Appellant
argues two issues.  In the first, he asserts that he pled “true” unknowingly
and involuntarily because the trial court did not admonish him on the range of
punishment before taking his plea.  In the second, he complains that the trial
court erred by not insisting, despite his and the State’s waiver of a record,
that the court reporter nonetheless prepare a record of the plea hearing.

          The
State contends that we have no jurisdiction to consider this appeal because
Appellant waived his right to appeal.  In support, the State cites Jackson
v. State, as an example of a case in which, according to the State, we
dismissed an appeal for want of jurisdiction under circumstances similar to
those in this one.  168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no
pet.).  We did not dismiss Jackson, however, because we lacked
jurisdiction.  Rather, we dismissed that case under rule of appellate procedure
25.2(d) because the trial court’s certification stated that the appellant had waived
his right to appeal.  See id. at 243.

Here,
the trial court’s certification does not state that Appellant waived his right
to appeal.  But we are obligated, nonetheless, to review the record to
determine the accuracy of the certification.  Dears v. State, 154 S.W.3d
610, 615 (Tex. Crim. App. 2005).  We agree with the State that the clerk’s
record shows that, despite the trial court’s certification to the contrary, Appellant
waived his right to appeal.  The clerk’s record contains a three-page document
entitled “Written Plea Admonishments on Motion to Revoke Community Supervision
or Petition to Proceed to Adjudication.”  Item “L” on page two states:  “I give
up and waive any and all rights of appeal.”  Page three bears the signatures of
Appellant, the trial judge, his counsel, and counsel for the State.

          Because
Appellant has waived his right to appeal, this appeal is dismissed.  See
Blanco v. State, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); Jackson,
168 S.W.3d at 243; Stanley v. State, 111 S.W.3d 773, 775 (Tex. App.—Fort
Worth 2003, no pet.).[2]

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 15, 2012









[1]See Tex. R. App. P. 47.4.





[2]Even if we were to hold
that Appellant had not waived his right to appeal, we would overrule both
issues.  The first because although the code of criminal procedure requires
that a defendant be admonished on the full range of punishment before the trial
court accepts a guilty plea, that requirement does not apply to revocation
proceedings.  Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2011); Gutierrez
v. State, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003).  The record shows
that Appellant was properly admonished on the range of punishment when he
originally pled guilty and was placed on deferred adjudication community
supervision.  The second because the record shows that Appellant and the State
agreed to waive an official court reporter.  See Tex. R. App. P. 13.1(a);
Valle v. State, 109 S.W.3d 500, 508 (Tex. Crim. App. 2003).  Item “M” on
page two of the plea admonishments on the petition to adjudicate states the
following:  “I give up and waive the attendance and record of a court reporter
under Rule 13.1, Texas Rules of Appellate Procedure.”  As discussed above, the
written plea admonishments bear the signatures of Appellant, the trial judge,
his counsel, and counsel for the State.  As we held in McDougal v. State,
a criminal defendant may not waive the making of a record and then, on appeal,
rely on the absence of evidence to support reversal of his conviction.  105 S.W.3d
119, 121 (Tex. App.—Fort Worth 2003, pet. ref’d).