

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00151-CR

BRANDON MAURICE ADAMS                                     APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Brandon Maurice Adams appeals the trial court's judgment adjudicating guilt and revoking his deferred adjudication community supervision. Because Appellant has waived his right to appeal, we dismiss.

---

[1]See Tex. R. App. P. 47.4.

Appellant pled guilty to engaging in organized criminal activity, to-wit: robbery, and the trial court placed him on eight years' deferred adjudication community supervision, the terms of which included committing no new offenses.

The State later filed a petition to adjudicate, alleging, among other things, that Appellant had, during the term of his community supervision, committed the offense of possessing a prohibited weapon. *See* Tex. Penal Code Ann. § 46.05(a)(5) (West Supp. 2011). At the hearing on the State's petition, Appellant pled "true" to this allegation and others, the trial court accepted Appellant's plea, adjudicated his guilt, revoked his community supervision, and sentenced him to twelve years' confinement.

Appellant argues two issues. In the first, he asserts that he pled "true" unknowingly and involuntarily because the trial court did not admonish him on the range of punishment before taking his plea. In the second, he complains that the trial court erred by not insisting, despite his and the State's waiver of a record, that the court reporter nonetheless prepare a record of the plea hearing.

The State contends that we have no jurisdiction to consider this appeal because Appellant waived his right to appeal. In support, the State cites *Jackson v. State*, as an example of a case in which, according to the State, we dismissed an appeal for want of jurisdiction under circumstances similar to those in this one. 168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no pet.). We did not dismiss *Jackson*, however, because we lacked jurisdiction. Rather, we dismissed that case under rule of appellate procedure 25.2(d) because the trial

court's certification stated that the appellant had waived his right to appeal. *See id.* at 243.

Here, the trial court's certification does not state that Appellant waived his right to appeal. But we are obligated, nonetheless, to review the record to determine the accuracy of the certification. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). We agree with the State that the clerk's record shows that, despite the trial court's certification to the contrary, Appellant waived his right to appeal. The clerk's record contains a three-page document entitled "Written Plea Admonishments on Motion to Revoke Community Supervision or Petition to Proceed to Adjudication." Item "L" on page two states: "I give up and waive any and all rights of appeal." Page three bears the signatures of Appellant, the trial judge, his counsel, and counsel for the State.

Because Appellant has waived his right to appeal, this appeal is dismissed. *See Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); *Jackson*, 168 S.W.3d at 243; *Stanley v. State*, 111 S.W.3d 773, 775 (Tex. App.—Fort Worth 2003, no pet.).[2]

---

[2]Even if we were to hold that Appellant had not waived his right to appeal, we would overrule both issues. The first because although the code of criminal procedure requires that a defendant be admonished on the full range of punishment before the trial court accepts a guilty plea, that requirement does not apply to revocation proceedings. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2011); *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). The record shows that Appellant was properly admonished on the range of punishment when he originally pled guilty and was placed on deferred adjudication community supervision. The second because the record shows that Appellant and the State agreed to waive an official court reporter. *See* Tex. R. App. P. 13.1(a); *Valle v. State*, 109 S.W.3d 500, 508 (Tex. Crim. App. 2003).

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 15, 2012

---

Item "M" on page two of the plea admonishments on the petition to adjudicate states the following:  "I give up and waive the attendance and record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure."  As discussed above, the written plea admonishments bear the signatures of Appellant, the trial judge, his counsel, and counsel for the State.  As we held in *McDougal v. State*, a criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction.  105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd).