

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00451-CR

| | | |
|---|---|---|
| Ruth Frances Vasquez | § | From the 213th District Court |
| | § | of Tarrant County (1276621D) |
| v. | § | December 6, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00451-CR

RUTH FRANCES VASQUEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ruth Frances Vasquez attempts to appeal her conviction, pursuant to a plea bargain, for state-jail-felony theft.[2]  On September 14, 2012, appellant received written plea admonishments, waived her constitutional and statutory rights, judicially confessed, and pled guilty.  The trial court convicted her

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2012).  The trial court's judgment indicates that the offense occurred in March 2012.

of state-jail-felony theft and sentenced her to eight months' confinement. On the same day, the trial court signed a certification of appellant's right to appeal, which she and her counsel also signed. The certification states that appellant entered into a plea bargain and has "NO right of appeal." Nonetheless, she filed a pro se notice of appeal.

On September 28, 2012, through a letter, we notified appellant of the contents of the certification and stated that we would dismiss the appeal unless, by October 8, 2012, she filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). We have not received a response. Therefore, in accordance with the trial court's certification, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Jackson v. State*, 168 S.W.3d 239, 243 (Tex. App.—Fort Worth 2005, no pet.).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 6, 2012

3