

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00245-CR

---

CRYSTAL LOUISE MCCOVERY                                    APPELLANT
A/K/A CRYSTAL MCCOVERY

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Less than a year after the trial court placed Appellant Crystal Louise McCovery a/k/a Crystal McCovery on four years' deferred-adjudication community supervision for the offense of burglary of a habitation, the State moved to adjudicate her guilt and revoke her community supervision. Appellant pled true to the State's motion and, in writing, waived her right to appeal the trial

---

[1]*See* Tex. R. App. P. 47.4.

court's adjudication of her guilt and revocation of her community supervision. The trial court granted the State's motion and sentenced Appellant to three years' confinement. Appellant now attempts to appeal from the trial court's judgment.

The trial court's certification states that Appellant has waived her right of appeal.[2] We have notified Appellant of our concern that her appeal would be dismissed unless by a date certain she or any party desiring to continue the appeal filed with the court a response showing grounds for doing so. *See* Tex. R. App. P. 44.3. The date certain has passed, and no response showing grounds for continuing the appeal has been filed. Accordingly, we dismiss the appeal. *See Jackson v. State*, 168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no pet.); *Adams v. State*, No. 02-11-00151-CR, 2012 WL 858609, at *1 (Tex. App.—Fort Worth Mar. 15, 2012, no pet.) (mem. op., not designated for publication).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 15, 2013

---

[2]A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).