**Dismissed and Memorandum Opinion filed October 24, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00797-CR

### DOMONIQUE GIBSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1478807**

## M E M O R A N D U M   O P I N I O N

Based on a plea bargain between appellant and the State, in September 2015 the trial court signed an order of deferred adjudication and placed appellant on community supervision for three years. In June 2017, the State filed a motion to adjudicate guilt. Appellant and the State entered into another plea-bargain agreement under which appellant pleaded true to the allegations in the motion to adjudicate in exchange for the State's sentencing recommendation of two years' imprisonment. The trial court accepted the plea bargain, signed an order adjudicating guilt, and

sentenced appellant to confinement for two years in the Institutional Division of the Texas Department of Criminal Justice. The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2).

In a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters her plea of guilty in exchange for deferred adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 911-12 (Tex. Crim. App. 2006). If a defendant enters a plea of true to the motion to adjudicate, the rule governing plea-bargain appeals does not apply. "[W]hen the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal . . . ." *Id.* at 913.

This case is distinct from *Hargesheimer* in that appellant signed a waiver of appeal during the proceeding at which her guilt was adjudicated. The waiver states appellant agrees to waive her right to appeal as part of her agreement with the State to plead true to the motion to adjudicate. The waiver further recites, "I understand that the prosecutor will recommend that I be adjudicated guilty in this cause and my punishment should be set at 2 [years] [TDCJ] and a fine of $200 and I agree to that recommendation." Appellant separately initialed that statement.

A pretrial or presentencing waiver of the right to appeal is binding if the waiver is made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006). If the actual punishment is determined by the plea agreement when the waiver is made, the waiver is knowingly and intelligently made. *Id.*

The trial court assessed punishment in accordance with the terms of the agreement. Therefore, appellant's waiver is binding. *Jackson v. State*, 168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no pet.) (finding waiver of appeal of

order adjudicating guilt binding); *accord Garcia v. State,* No. 14-07-00643-CR, 2017 WL 2447249, at *1 (Tex. App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (mem. op.) (per curiam) (not designated for publication) (same); *cf. Washington v. State,* 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012) (per curiam) (concluding waiver of appeal of order adjudicating guilt, signed before sentencing and without an agreement on punishment, was not valid).

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Jamison, Busby, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).