

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00302-CR
### NO. 02-18-00303-CR

SHAQUITTA DEANNA HORTON          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
## TRIAL COURT NOS. 1406350D, 1406619D

----------

## MEMORANDUM OPINION[1]

----------

Shaquitta Deanna Horton has filed pro se notices of appeal from the trial court's judgments adjudicating her guilty of credit-card abuse and fraudulent use or possession of fewer than five items of identifying information. *See* Tex. Penal Code Ann. §§ 32.31, 32.51 (West 2016). In each case, the trial court sentenced her to 14 months' confinement (with the sentences to run concurrently) pursuant

---

[1]*See* Tex. R. App. P. 47.4.

to an agreement in which Horton pleaded true to one of the allegations in the State's motion to adjudicate guilt in exchange for the State's 14-month punishment recommendation. Horton signed written plea admonishments in each case that included a waiver of the right of appeal.

The trial court's certifications of Horton's right to appeal in each case state that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Based on the certifications, we notified Horton through her court-appointed attorney that her appeals would be dismissed unless, within ten days, she or any party desiring to continue the appeals filed a response showing grounds for continuing them. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. More than ten days have passed, and we have received no response.

Rule 25.2(a)(2) does not restrict a defendant's right of appeal when she pleads true to one or more allegations in a motion to adjudicate. *See* Tex. R. App. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 911–12 (Tex. Crim. App. 2006) (concluding that a case in which a defendant pleads true to allegations in a motion to adjudicate is not a plea-bargain case under rule 25.2(a)(2)); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions."). But if, as here, a defendant pleads true and signs a waiver of the right of appeal in exchange for the State's punishment recommendation—and the trial court follows the recommendation—the waiver is

2

binding. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *Jackson v. State*, 168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no pet.); *cf. Ex parte Delaney*, 207 S.W.3d 794, 797–98 (Tex. Crim. App. 2006) (explaining that when defendant waives right of appeal in exchange for recommended sentence that trial court subsequently follows, "[a]ny possible source of error" during sentencing is removed). Because Horton waived her right to appeal the trial court's adjudication judgments, we dismiss her appeals. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Jackson*, 168 S.W.3d at 243; *see also Salazar v. State*, No. 02-18-00004-CR, 2018 WL 1324487, at *1 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op., not designated for publication).

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  KERR, PITTMAN, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 16, 2018