**Dismissed and Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

———

## NO. 14-18-00580-CR

———

**EDUARDO MENDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1434761**

# O P I N I O N

Based on a plea bargain agreement between appellant and the State, on April 30, 2015, the trial court signed an order deferring an adjudication of guilt for the offense of indecency with a child by exposure and placing appellant on community supervision for eight years. On February 22, 2018, the State filed a motion to adjudicate guilt. Appellant and the State entered into another plea-bargain agreement under which appellant pleaded "true" to the allegations in the motion to adjudicate

in exchange for the State's sentencing recommendation of three years' imprisonment. The trial court accepted the plea bargain, signed an order adjudicating guilt, and sentenced appellant to confinement for three years in the Institutional Division of the Texas Department of Criminal Justice. The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea-bargain case and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2).

In a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 911–12 (Tex. Crim. App. 2006). If a defendant enters a plea of true to a subsequent motion to adjudicate, the rule governing plea-bargain appeals does not apply. *Id*. at 913 ("[W]hen the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal[.]").

This case is distinguishable from *Hargesheimer* in that appellant signed a waiver of appeal during the proceeding at which his guilt was adjudicated. The waiver states, "As part of my agreement with the prosecutor to plead true, I agree to waive any right to appeal I may have concerning any issue or claim in this case, including my plea of true or admission of guilt." The waiver further recites, "I understand that the prosecutor will recommend that I be adjudicated guilty in this cause and my punishment should be set at 3 years [TDCJ] and a fine of $0 and I agree to that recommendation." Appellant initialed both statements in addition to signing the agreement.

A pretrial or presentencing waiver of the right to appeal is binding if the waiver is made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006). If the actual punishment is determined by

the plea agreement when the waiver is made, the waiver is knowingly and intelligently made. *Id*.

The trial court assessed punishment in accordance with the terms of the agreement. Therefore, appellant's waiver of the right to appeal is binding. *See Jackson v. State*, 168 S.W.3d 239, 242–43 (Tex. App.–Fort Worth 2005, no pet.) (finding waiver of appeal of order adjudicating guilt binding).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.
Publish — Tex. R. App. P. 47.2(b).