**DISMISS and Opinion Filed December 18, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00764-CR

**JONATHAN RADFORD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-24153-Q**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Stoddart
Opinion by Chief Justice Wright

Jonathan Radford appeals his conviction for possession of methamphetamine. Appellant pleaded guilty under a plea bargain agreement with the State and was initially placed on deferred adjudication for two years. As part of his plea agreement, he waived the right to appeal that order. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). When the State filed a subsequent motion to proceed with an adjudication of guilt, appellant entered into a new plea agreement with the State in which he agreed to plead true to the allegations in the motion and waive his right to appeal. In exchange, the State agreed to dismiss cause number F17-22234-Q and recommend 365 days confinement as punishment. The trial court found the allegations in the State's motion to be true and assessed punishment at 365 days in state jail in accordance with the plea agreement. Appellant then filed his pro se notice of appeal.

"In a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." *Mendez v. State*, 558 S.W.3d 823, 824 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Hargesheimer*, 182 S.W.3d at 911–12). Thus, the rule governing plea-bargain appeals does not restrict a defendant's right to appeal. *Hargesheimer*, 182 S.W.3d at 913 ("[W]hen the defendant appeals from the proceeding on the motion to adjudicate guilt, Rule 25.2(a)(2) will not restrict appeal[.]"). However, a defendant who enters into a new plea bargain agreement with respect to the subsequently filed motion to adjudicate guilt may waive his right to appeal. *Mendez*, 558 S.W.3d at 824.

Here, after the State filed a motion to adjudicate, appellant entered into a new plea bargain agreement. Under its terms, the State dismissed a separate offense and recommended a sentence of 365 days in exchange for appellant's plea of true and waiver of his right to appeal. Under these circumstances, we conclude we lack jurisdiction over this appeal.

We dismiss this appeal.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180764F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN RADFORD, Appellant

No. 05-18-00764-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-24153-Q.
Opinion delivered by Chief Justice Wright.
Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered December 18, 2018.