**Order entered March 15, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00608-CR**
**No. 05-18-00609-CR**
**No. 05-18-00610-CR**

**BRANDON RASHAD BURTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-00846-U, F17-55788-U & F17-1651151-U**

## ORDER

These appeals have been set for submission on May 28, 2019. The State's brief, initially due on March 2, 2019, is currently due April 1, 2019.

Before the Court is the State's March 12, 2019 unopposed motion to abate these appeals. The State asks us to abate the appeals and return them to the trial court for an explicit finding on whether appellant has the trial court's permission to appeal these cases.

A review of the clerk's record in cause number 05-18-00608-CR (F17-00846-U) shows that appellant was charged with evading arrest/detention. Appellant, along with his attorney, the State, and the trial court, signed a document dated May 16, 2018 entitled "Plea Agreement." The

1

plea agreement states that appellant will plead guilty and the type of plea is "Open plea." Although the agreement initially stated "Cap confinement at 6 yrs TDC" under the section "Open as to," this language is crossed out. No other language or writing appears that indicates there was a "sentence-bargaining" or "charge-bargaining" agreement with the State. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). In other words, nothing in the plea agreement indicates the State abandoned other charges, recommended a specific term of punishment, or gave up consideration in exchange for appellant's open plea of guilty. *See Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018).

The clerk's record in cause number 05-18-00609-CR (F17-55788-U) shows that appellant was charged with assault family violence by impeding normal breathing/circulation. Appellant, along with his attorney, the State, and the trial court, signed a document dated May 16, 2018, entitled "Plea Agreement." As in 05-18-00608-CR, this plea agreement states that appellant will plead guilty and that the type of plea is an "Open plea;" however, the agreement in 05-18-00609-CR also states that appellant will plead true to the enhancement paragraphs and that the guilty plea is open as to "Cap confinement at 6 yrs TDC."

In the final appeal, cause number 05-18-00610-CR (F16-51151-U), appellant was charged in 2016 with evading arrest/detention, and was placed on deferred adjudication. The State filed a motion to adjudicate and appellant pleaded true to the allegations in the motion. Appellant, along with his attorney, the State, and the trial court, signed a document dated May 16, 2018, entitled "Plea Agreement (Motion to Revoke or Adjudicate)," in which he agreed to plead true under an "open plea." The agreement includes an agreed sentence of "Cap of 6 yrs TDC to run concurrently with F1700846 & F1755788," but nothing in the agreement indicates appellant waived his right to appeal. As in the other two cases, the box on the plea agreement in

2

05-18-00610-CR showing appellant's understanding that he has a right to appeal and he expressly, voluntarily, and knowingly gives up his right to appeal if the trial court follows the terms of the State's sentencing recommendation is unchecked. And rule 25.2(a)(2), the rule governing plea-bargain appeals, does not restrict appellant's right to appeal. *See Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006) (holding that after adjudication of guilt, defendant's appeal is restricted only by article 42.12 § 5(b), "which prevents him from appealing the trial court's decision to adjudicate guilt in the first place."); *see also Radford v. State*, No. 05-18-00764-CR, 2018 WL 6616896, at *1 (Tex. App.—Dallas Dec. 18, 2018, no pet.) (mem. op., not designated for publication) ("However, a defendant who enters into a new plea bargain agreement with respect to the subsequently filed motion to adjudicate guilt may waive his right to appeal.") (citing *Mendez v. State*, 558 S.W.3d 823, 824 (Tex. App.—Houston [14th Dist.] 2018, no pet.)).

Furthermore, the record of the May 16, 2018 plea hearing shows that the trial court regarded all three of these cases as involving "open" pleas and that it admonished appellant he retained the right to appeal:

> THE COURT: . . . . Because this was an open plea to the Court, you do maintain your right of appeal in each of these matters, and I'm showing you three copies of the trial court certifications regarding your right of appeal. Did you go over those with your attorney?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Did you understand and sign those?
>
> THE DEFENDANT: Yes, ma'am.

The record also shows that neither party objected or asked the trial court for clarification as to whether appellant was, in fact, entitled to appeal in these cases.

A defendant in a criminal case has the right of appeal as set out in the code of criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02;

3

TEX. R. APP. P. 25.2(a). In criminal cases, unless expressly authorized by statute, appellate courts only have jurisdiction to review a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed. . . ."); *Abbott v. State*, 271 S.W.3d 694, 696–07 (Tex. Crim. App. 2008). Rule 25.2 provides that in "a plea-bargain case— that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). An agreement to plead guilty in exchange for the State recommended "cap" on sentencing is a plea bargain under rule 25.2(a)(2). *See Shankle*, 119 S.W.3d at 813; *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

We must compare the trial court's certification with the appellate record to ascertain whether a certification is defective, and act accordingly. *See Wright v. State*, No. 05-18-00667-CR, 2018 WL 5003107, *2 (Tex. App.—Dallas October 16, 2018, no pet.) (mem. op., not designated for publication). Because of the ambiguity in these records, we **GRANT** the State's motion to the extent that we **ORDER** the trial court to conduct a hearing to determine the following with respect to each of the above appeals:



☐ Whether appellant pleaded guilty pursuant to plea bargain agreements, including an agreement to cap the punishment. If the trial court finds that there was a plea bargain agreement, including an agreement to cap punishment, it shall make a finding to that effect.

☐ If the trial court determines appellant did plead guilty pursuant to plea bargain agreements, the trial court shall next determine whether appellant waived his right to appeal as part of the agreements.

☐ The trial court shall next determine whether appellant was sentenced in accordance with the terms of the plea bargain agreements.

☐ If the trial court determines appellant pleaded guilty to and was sentenced in accordance with the plea bargain agreements, the trial court shall next determine whether there were any matters raised by written motion filed and ruled on before trial or whether the trial court has granted appellant permission to appeal.

☐ In making its findings, the trial court shall review the reporter's record of the plea, the documents before the trial court, and, if necessary, may take evidence and argument regarding the issue.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. We specifically **ORDER** that, if appropriate, the trial court include with its written findings of fact amended certifications of appellant's right to appeal that are signed by all parties and the trial court, and dated to reflect that they were completed following the hearing on this order. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

We **ABATE** these appeals to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received.


/s/     LANA MYERS
          JUSTICE