

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00198-CR
_____

JOSE L. REVILLA-VALLES, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Court at Law No. 2
Parker County, Texas
Trial Court No. CCL2-18-0951

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Pursuant to a plea agreement, Jose L. Revilla-Valles pleaded guilty to misdemeanor driving while intoxicated on February 20, 2019. The same day, the trial court certified that because of his plea agreement, Revilla-Valles had no right to appeal.

On March 21, 2019, Revilla-Valles filed a motion for new trial, arguing that he was misadvised as to the immigration consequences of his plea, which was therefore involuntary. The trial court denied the motion on April 22, 2019.

On May 22, 2019, Revilla-Valles filed a notice of appeal. On May 28, 2019, we sent him a letter expressing concern that we may lack jurisdiction over his appeal. We noted that according to the trial court's certification, he had no right to appeal. *See* Tex. R. App. P. 25.2(d). We further noted that his appeal appeared to be untimely: his sentence was imposed on February 20, 2019, and because he filed a motion for new trial, his notice of appeal was due on May 21, 2019; but it was not filed until May 22, 2019. *See* Tex. R. App. P. 26.2(a)(2). We asked Revilla-Valles to show grounds for continuing his appeal.

On June 12, 2019—more than fifteen days after his notice of appeal was due—Revilla-Valles filed a motion for leave to file an out-of-time notice of appeal. *See* Tex. R. App. P. 26.3. In his motion, Revilla-Valles did not explain how the trial court could exercise jurisdiction in light of his plea bargain.

"By its express terms, Rule 25.2(a)(2) places limitations on a defendant's right to appeal from a plea bargain agreement that was followed by the trial court." *Jackson v. State*, 168 S.W.3d 239, 242 (Tex. App.—Fort Worth 2005, no pet.) (citing Tex. R. App. P. 25.2(a)(2)). Where the defendant pleads guilty and the punishment did not exceed the punishment recommended by the plea agreement, the defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2). There is no exception to this rule for a complaint that a plea was involuntary. *Cooper v. State*, 45 S.W.3d 77, 82–83 (Tex. Crim. App. 2001).

A reasonable time has passed, but Revilla-Valles has not established that the certification on file with this court is incorrect or that he otherwise has a right to appeal. *See* Tex. R. App. P. 44.3. Accordingly, we dismiss this appeal.[1]

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 8, 2019

---

[1]Of course, this does not prevent Revilla-Valles from applying for habeas relief, a procedure that is "not only adequate to resolve claims of involuntary pleas[] but [is] superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001).