

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00180-CR
No. 02-24-00181-CR

———————————————————

JERRY ZUCKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court Nos. 1543839, 1807960

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Jerry Zucker, appearing pro se, attempts to appeal from a judgment adjudicating him guilty of indecency with a child by sexual contact and a judgment of conviction for the offense of online solicitation of a minor. Because Appellant has no right to appeal in either case, we dismiss these appeals.

## I. Indecency with a Child by Sexual Contact (02-24-00180-CR)

Appellant filed a notice of appeal from the trial court's judgment adjudicating him guilty of indecency with a child by sexual contact—a second-degree felony with a maximum punishment of twenty years in prison. *See* Tex. Penal Code Ann. §§ 12.33, 21.11(a)(1), (d). The trial court sentenced him to ten years' confinement in accordance with an agreement in which Appellant pleaded true to the allegations in the State's fourth amended petition to proceed to adjudication in exchange for the State's ten-year punishment recommendation. Appellant signed written plea admonishments that included a waiver of the right to appeal.[1]

The trial court's certification of Appellant's right to appeal states that this "is a plea-bargain case, and the [appellant] has NO right of appeal." *See* Tex. R. App.

---

[1]The written admonishments informed Appellant that "[a] motion to revoke your community supervision or a petition to proceed to adjudication has been filed in which you are charged with a violation of the conditions of your community supervision" and that "[t]he punishment agreement is: 10 years TDC." In that document, Appellant agreed that he was "aware of the consequences of [his] plea" and that he "g[a]ve up and waive[d] any and all rights of appeal." Under a section titled "Judicial Confession," Appellant swore that he had "enter[ed] [his] plea of true to each and every act alleged" in the State's petition.

P. 25.2(a)(2). Based on the trial court's certification, we notified Appellant that his appeal would be dismissed unless, on or before June 7, 2024, he or any party desiring to continue the appeal filed a response showing grounds for continuing it. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Appellant filed a response,[2] but it does not show grounds for continuing the appeal.

Rule 25.2(a)(2) does not restrict a defendant's right of appeal when he pleads true to one or more allegations in a petition to adjudicate.[3] *See* Tex. R. App. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 911–12 (Tex. Crim. App. 2006) (concluding that a case in which a defendant pleads true to allegations in a motion to adjudicate is not a plea-bargain case under rule 25.2(a)(2)); *see also Dears v. State*,

---

[2]Appellant filed a single response to our jurisdiction letter covering both cases. The response was not received until June 13, 2014. Although the envelope appears to reflect a postmark date of June 10, 2024, Appellant's certificate of service states that he placed the document in the prison mail system on June 5, 2024. Appellant's response was thus timely filed under the prison mailbox rule. *See Castillo v. State*, 369 S.W.3d 196, 199 n.14 (Tex. Crim. App. 2012) (explaining that the "prisoner mailbox" rule deems the pleadings of a pro se inmate filed at the time they are delivered to prison authorities for forwarding to the court clerk); *In re Cooper*, No. 02-24-00131-CV, 2024 WL 2977902, at *1 (Tex. App.—Fort Worth June 13, 2024, orig. proceeding) (per curiam) (mem. op. & order on second motion for en banc reconsideration).

[3]Although the trial court should have checked the box beside "the defendant has waived the right of appeal," we need not abate this to the trial court to amend its certification to comport with the record because the outcome would be the same. *See Guy v. State*, Nos. 02-23-00176-CR through 02-23-00182-CR, 2023 WL 5767374, at *1 n.1 (Tex. App.—Fort Worth Sept. 7, 2023, pet. ref'd) (mem. op., not designated for publication) (stating that "because requiring amended certifications 'would be a useless act,' we need not delay resolution of these appeals to require them").

154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions."). However, Appellant's waiver of his right of appeal is binding because he signed the waiver and pleaded true in exchange for the State's punishment recommendation, and the trial court followed the recommendation. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *Moore v. State*, No. 02-22-00196-CR, 2022 WL 16845114, at *1 (Tex. App.—Fort Worth Nov. 10, 2022, no pet.) (per curiam) (mem. op., not designated for publication); *Hanson v. State*, No. 05-17-00062-CR, 2017 WL 3048479, at *1 (Tex. App.—Dallas July 19, 2017, no pet.) (mem. op., not designated for publication); *Jackson v. State*, 168 S.W.3d 239, 242–43 (Tex. App.—Fort Worth 2005, no pet.). Because Appellant waived his right to appeal the trial court's adjudication judgment, we dismiss the appeal from the indecency conviction. *See* Tex. R. App. P. 43.2(f); *Moore*, 2022 WL 16845114, at *1; *Jackson*, 168 S.W.3d at 243; *see also Salazar v. State*, No. 02-18-00004-CR, 2018 WL 1324487, at *1 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (per curiam) (mem. op., not designated for publication).

## II. Online Solicitation of a Minor (02-24-00181-CR)

In a separate case in February 2024, Appellant pleaded guilty to online solicitation of a minor—a second-degree felony with a maximum punishment of twenty years in prison—and waived his right to appeal in exchange for the State's waiving the repeat-offender notice and recommending a ten-year sentence.

4

*See* Tex. Penal Code Ann. §§ 12.33, 33.021(c), (f). The trial court accepted Appellant's plea and sentenced him in accordance with the plea bargain.

The trial court's certification of Appellant's right to appeal states that this "is a plea-bargain case, and the [appellant] has NO right of appeal."[4] Based on the trial court's certification, we notified Appellant that his appeal would be dismissed unless, on or before June 7, 2024, he or any party desiring to continue the appeal filed a response showing grounds for continuing it. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. As noted above, Appellant filed a response, but it does not show grounds for continuing the appeal.[5]

---

[4]In the written plea admonishments, Appellant agreed that he was "aware of the consequences of [his] plea" and that he "waive[d] all rights of appeal in this case." Appellant signed the written plea admonishments and the trial court's certification.

[5]Appellant states in his response that he filed timely pro se pretrial motions and that he "considered all of these to be denied by rule of law when [the trial] court refused to rule on them." Without citing any authority, Appellant argues that these motions "are appealable regardless of any waiver of rights to appeal." Appellant, who was represented by appointed counsel in the trial court, has no absolute right to hybrid representation; thus, the trial court was allowed to ignore Appellant's pro se motions. *See Pickett v. State*, No. 02-19-00090-CR, 2020 WL 2073733, at *1 n. 3 (Tex. App.—Fort Worth Apr. 30, 2020, pet. ref'd) (per curiam) (mem. op., not designated for publication) (first citing *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); and then citing *Ragsdale v. State*, No. 02-17-00340-CR, 2019 WL 2454862, at *2 n.1 (Tex. App.—Fort Worth June 13, 2019, no pet.) (mem. op., not designated for publication)). Because the trial court did not rule on the complained-of pretrial motions, they appear to fall outside Rule 25.2(a)(2)(A)'s exception allowing a plea-bargain defendant to appeal "only . . . those matters that were raised by written motion filed and ruled on before trial." *See* Tex. R. App. P. 25.2(a)(2)(A). Moreover, Appellant signed both the written plea admonishments acknowledging that he waived his right of appeal and the trial court's certification stating that he had no right of appeal. The trial court did not check the blank stating that this "is a plea-bargain case,

Based on the trial court's certification, we dismiss the appeal from the online-solicitation-of-a-minor conviction.  *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Carter v. State*, No. 02-15-00243-CR, 2015 WL 6394158, at *1 (Tex. App.—Fort Worth Oct. 22, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

## III.  Conclusion

Having determined that Appellant has no right to appeal in either case, we dismiss these appeals.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 27, 2024

---

but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal," nor did the trial court check the blank stating that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal."  Accordingly, Appellant does not have the right to appeal from his unruled-on pro se pretrial motions, nor did he receive permission to appeal.  *See Martinez v. State*, No. 04-24-00247-CR, 2024 WL 2836627, at *1 (Tex. App.—San Antonio June 5, 2024, no pet. h.) (mem. op., not designated for publication) (stating that although the record contained written motions filed by appellant, appellant had validly waived his right to appeal any rulings on such motions); *In re Bonner*, No. 05-17-00285-CV, 2017 WL 1089687, at *2 (Tex. App.—Dallas Mar. 23, 2017, orig. proceeding) (mem. op.) (holding that trial court was not required to change certification to allow relator to appeal suppression motion when he had signed the plea agreement and the trial court's certification showing that he had voluntarily waived his right to any appeal). *See generally* Tex. R. App. P. 25.2(a)(2)(A), (B).  Furthermore, Appellant did not cite any statute showing that this specific appeal is expressly authorized, and we have found no such statute.  *See* Tex. R. App. P. 25.2(a)(2)(C).